IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PALILA (Loxioides bailleui), an endangered species, et al.; <br><br> Plaintiffs, <br><br> vs. <br><br> HAWAII DEPARTMENT OF LAND AND NATURAL RESOURCES; and WILLIAM J. AILA, JR., in his capacity as Chairperson of the Hawaii Board of Land and Natural Resources, <br><br> Defendants, <br><br> and <br><br> SPORTSMEN OF HAWAII, et al., <br><br> Defendant-Intervenors. | CIVIL NO. 78-00030 JMS <br><br> ORDER GRANTING DEFENDANTS' MOTION FOR DECLARATORY AND INJUNCTIVE RELIEF |

**ORDER GRANTING DEFENDANTS' MOTION FOR DECLARATORY AND INJUNCTIVE RELIEF**

**I. INTRODUCTION**

The Palila has long been listed as endangered under the Endangered Species Act, 16 U.S.C. § 1531 *et seq.* Accordingly, Defendants State of Hawaii Department of Land and Natural Resources, and William J. Aila, Jr., Chairperson of the Board of Land and Natural Resources, in his official capacity

("Defendants"), have certain responsibilities and duties under law towards protection of the Palila. In particular, on November 10, 1998, Plaintiffs and Defendants entered into a Stipulation that was approved and ordered by the Honorable Samuel P. King (the "1998 Stipulated Order").[1] The 1998 Stipulated Order applies "for so long as the court's judgment and orders filed August 1, 1979, as amended, and January 27, 1987, are still in full force and effect." Doc. No. 331-6, Defs.' Mot. Ex. C at 2. The provision of the 1998 Stipulated Order at issue is:

> 3. Beginning November 18, 1998, and semi-annually thereafter the State shall do aerial sightings in the critical habitat area. If any ungulates are sighted in that area, the State will commence aerial shooting and will shoot any ungulates sighted in that area. The State may combine aerial sighting and shooting activities. The State and Plaintiffs, by mutual agreement, may modify the time frame for the aerial sightings or aerial shooting or both without amending this stipulation.

*Id.* at 3.

In 2012, the County of Hawaii enacted an Ordinance regarding "Animal Eradication." It provides:

**Section 14-111. Findings and purpose.**

(a) The County of Hawaii is charged with the ultimate responsibility to protect, preserve, and enhance the

---

[1] The case was reassigned to the undersigned on December 15, 2010, following Judge King's death on December 7, 2010. Doc. No. 327.

health, safety, and welfare of the people of Hawaii Island. With regard to the bond between the people and the land, the County of Hawaii hereby finds:

(1) Animal eradication by aerial shooting is in conflict with the cultural and traditional values of the people of Hawaii County;

(2) Aerial hunting eradication creates unnecessary risk to human life, while also disturbing endangered flora and fauna; and

(3) Animal population control measures can be performed in a manner that is harmonious with the culture, values, and principles of the people.

(b) The purpose of this article is to declare:

(1) Animal eradication by aerial shooting on Hawaii Island shall no longer be practiced;

(2) The State of Hawaii should conform and comply with the provisions of this article;

(3) Other methods of animal population control must be used. Any such method to be enacted will take into account the will of the people, which requires effective communication and a concerted effort to remain linked to the people that take responsibility for the land and its resources; and

(4) The State of Hawaii should increase public access to the areas of Hawaii Island that will allow hunters and gatherers the opportunity to provide subsistence to the families of Hawaii Island. Valuable food resources should be consumed rather than wasted.

**Section 14-112. Aerial eradication of animals; unlawful.**

It is a violation of this article for any person to engage in the eradication of any animal for any reason while being transported by helicopter, airplane, or any other similar means.

Haw. Cnty. Code §§ 14-111 & -112 (2012). Although §§ 14-111 & -112 do not have a specific penalty clause, a general provision of the Hawaii County Code to that effect might otherwise apply. *See* Haw. Cnty. Code § 1-10(a) ("Where there is a violation of a provision of this Code for which no penalty is provided, the person violating the provision shall be subject to a fine of not more than $100 for each offense, or to imprisonment of not more than ninety days, or to both.").

Defendants, joined substantively by Plaintiffs, have filed a Motion for Declaratory and Injunctive Relief ("Preemption Motion"), seeking (1) a declaration that these provision of the Hawaii County Code are preempted by the 1998 Stipulated Order "as applied to the State's aerial eradication efforts," and (2) an order "enjoining the County of Hawaii from prosecuting any person who participates in aerial eradication efforts sponsored by the State." Doc. No. 331, Defs.' Mot. at 2; Doc. No. 335. In its Opposition, the County of Hawaii raises the possibility, although remote, of prosecution under Hawaii Revised Statutes ("HRS") § 263-10 as well.[2] Thus, in their Reply, Defendants also ask for the same relief (a declaration as to preemption and a corresponding order allowing

---

[2] HRS § 263-10 provides:

Any aeronaut or passenger who, while in flight in, across or above the State, intentionally kills or attempts to kill any birds or animals shall be guilty of a misdemeanor and punished by a fine of not more than $1,000, or by imprisonment for not more than one year, or both.

4

enforcement of the 1998 Stipulated Order) as to HRS § 263-10. The Motion and Joinder were heard on April 8, 2013.

## II.  DISCUSSION

This proceeding is strictly limited to the jurisdictional and preemption issues raised in the Preemption Motion. That is, the proceeding starts with the premise that the court's prior Orders (*e.g.*, the 1998 Stipulated Order -- and the Judgments and Orders of August 1, 1979 and January 27, 1987, upon which the 1998 Stipulated Order was based) remain in effect. These Judgments and Orders have created corresponding legal obligations that remain valid and binding Orders of this court despite the passage of time. It is not appropriate in this proceeding, and at this time, to revisit the prior Orders. It is also not appropriate (as Plaintiffs suggest) to make any findings regarding (1) past alleged noncompliance with the 1998 Stipulated Order, or (2) future enforcement of existing Orders. It is sufficient for present purposes for the court to emphasize that Defendants remain obligated to comply with the terms to which they agreed in the 1998 Stipulated Order.

Having considered the record in this case, as well as the written and oral arguments of the parties, the court concludes as follows:

1. The court has jurisdiction over the County of Hawaii under the All Writs Act, 28 U.S.C. § 1651(a), which provides that "[t]he Supreme Court and all

5

courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." This Act "authorize[s] a federal court 'to issue such commands . . . as may be necessary or appropriate to effectuate and prevent the frustration of orders it has previously issued in its exercise of jurisdiction otherwise obtained.'" *Penn. Bureau of Corr. v. U.S. Marshals Serv.*, 474 U.S. 24, 40 (1985) (quoting *United States v. N.Y. Tel. Co.*, 434 U.S. 159, 172 (1977)). "The power conferred by the Act extends, under appropriate circumstances, to persons who, though not parties to the original action or engaged in wrongdoing, are in a position to frustrate the implementation of a court order or the proper administration of justice." *N.Y. Tel. Co.*, 434 U.S. at 174 (citations omitted). That is, although the County of Hawaii is not a party to this action, the court has the power and jurisdiction to make declarations regarding the County of Hawaii Ordinances at issue, and (if necessary) to enjoin the County of Hawaii from enforcing certain laws that are preempted by federal law.

        2. This action is ripe for consideration. True, "[t]he mere existence of [an ordinance], which may or may not ever be applied to plaintiffs, is not sufficient to create a case or controversy within the meaning of Article III." *Cal. Tow Truck Ass'n v. City & Cnty. of S.F.*, 693 F.3d 847, 865-66 (9th Cir. 2012) (quoting *Cal.*

*San Diego Cnty. Gun Rights Comm. v. Reno*, 98 F.3d 1121, 1126 (9th Cir. 1996)).

But here, the County of Hawaii prosecutor has specifically refused to agree *not* to prosecute Defendants if they, or agents such as contractors, are engaged in enforcement of the 1998 Stipulated Order. The County of Hawaii prosecutor -- with specific knowledge of a planned "aerial sighting" (likely to include "aerial shooting" of ungulates) in April 2013 -- has declined to stipulate that the County of Hawaii will not prosecute Defendants, or their agents, for such planned activity. The Ordinances at issue, Hawaii County Code §§ 14-111, -112, & 1-10(a), can reasonably be read together to create the possibility that the planned activity would violate the Ordinances and could subject Defendants or their agents to monetary penalties and/or imprisonment.

Similarly -- although the possibility may be remote[3] -- the County of Hawaii prosecutor has now also indicated that "[HRS § 263-10] is a criminal statute that could apply to individuals that are not State employees," and that it is "[his] opinion that this issue is not ripe for my office to stipulate that we would not prosecute under [HRS § 263-10] at this time." April 8, 2013 Letter of M. Roth to Defendants' Counsel (admitted into evidence at the April 8, 2013 hearing).

---

[3] No one has sought to enforce HRS § 263-10 in the over twenty years that the type of aerial activity at issue here has been taking place (and the State argues that the statute does not apply to it in any event). *See A.C. Chock, Ltd. v. Kaneshiro*, 51 Haw. 87, 89, 451 P.2d 809, 811 (1969)).

Under these circumstances, there is a reasonable basis for Defendants, or their agents, to fear potential enforcement from prosecuting authorities. *Compare, e.g.*, *Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1140 (9th Cir. 2000) (en banc) (holding a challenge not ripe, where there was no planned intent to engage in conduct that would arguably violate the challenged statute). The injury (fear of enforcement) certainly creates a very real chilling effect on Defendants' enforcement of the 1998 Stipulated Order, and there is a controversy as to whether Defendants' planned conduct would potentially subject Defendants, or their agents, to adverse consequences for violation of a Hawaii County Ordinance or state law.

3. Federal law preempts application of the challenged Ordinances (and HRS § 263-10) such that Defendants must proceed to comply with the terms of the 1998 Stipulated Order, as indicated is planned in Defendants' Motion. Again, even if the Hawaii County Ordinances at issue are ambiguous in allowing prosecution for aerial shooting of the ungulates at issue here, they can be read together to create a distinct possibility and reasonable fear of such prosecution. That is, to the extent the County of Hawaii Ordinances at issue -- Hawaii County Code §§ 14-111, -112, & 1-10(a) -- allow prosecution of persons who are implementing the 1998 Stipulated Order, the Ordinances are preempted by the

1998 Stipulated Order.  Similarly, although HRS § 263-10 has not been raised previously, the County of Hawaii has raised the potential of possible prosecution against non-State employees, such that HRS § 263-10 is also preempted by the 1998 Stipulated Order.

Thus, the court concludes that if a person (such as a State Department of Land and Natural Resources employee, or a contractor working under specific direction of such a State employee) is specifically engaged in complying with the terms of the 1998 Stipulated Order, they cannot be prosecuted under (1) Hawaii County Code §§ 14-111, -112, & 1-10(a); or (2) HRS § 263-10.  Indeed, the County of Hawaii forthrightly admits in its filings that it is bound by the well-established constitutional principle that, under the supremacy clause, an implemented consent decree and standing federal court Order applying a federal statutory mandate (here, the Endangered Species Act, 16 U.S.C. § 1538(a)(1)(B)) supercedes a city ordinance that prevents execution of that decree and court Order. *See, e.g.*, *Washington v. Wash. State Commercial Passenger Fishing Vessel*, 443 U.S. 658, 695 (1979) ("State-law prohibition against compliance with the District Court's decree cannot survive the command of the Supremacy Clause of the United States Constitution") (citing *Cooper v. Aaron*, 358 U.S. 1 (1958)).

In short, so long as Defendants, or their duly-appointed agents, are

acting to enforce the specific terms of the 1998 Stipulated Order, they may conduct an aerial sighting over the Palila's critical habitat and shoot any ungulates sighted in that area without fear of violating (1) Hawaii County Code §§ 14-111, -112, & 1-10(a); or (2) HRS § 263-10.

### III. CONCLUSION

For the foregoing reasons, Defendants' Motion for Declaratory and Injunctive Relief is GRANTED. Federal law preempts application of the challenged laws -- Hawaii County Code §§ 14-111, -112, & 1-10(a); and HRS § 263-10 -- such that Defendants, and their duly appointed agents, may proceed to comply with the terms of the 1998 Stipulated Order, as indicated is planned in Defendants' Motion.

///

///

///

///

///

///

///

///

If Defendants (or a person such as a contractor working under specific direction of Defendants) are engaged in complying with the terms of the 1998 Stipulated Order, they cannot be prosecuted under Hawaii County Code §§ 14-111, -112, & 1-10(a); or HRS § 263-10.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, April 8, 2013.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Palila et al. v. Haw. Dep't of Land & Natural Res. et al.*, Civ. No. 78-00030 JMS, Order Granting Defendants' Motion for Declaratory and Injunctive Relief